### WYCKOFF, CHURCH & PARTRIDGE v. LYFORD.

(Supreme Court, Appellate Term.  May 24, 1910.)

WORK AND LABOR (§ 28*)—ACTIONS—SUFFICIENCY OF EVIDENCE.
  Evidence in an action to recover for repairs on plaintiff's automobile *held* insufficient to sustain the judgment for plaintiff.
  [Ed. Note.—For other cases, see Work and Labor, Dec. Dig. § 28.*]

Appeal from City Court of New York, Special Term.

Action by Wyckoff, Church & Partridge against Will H. Lyford. Judgment for plaintiffs, and defendant appeals. Modified and affirmed, if plaintiffs consent to a reduction in the amount recovered; otherwise, reversed, and a new trial granted.

Argued before SEABURY, GUY, and BIJUR, JJ.

Robert Walker, for appellant.

Fletcher, McCutchen & Brown, for respondents.

BIJUR, J. The action is for the amount of a bill for repairs of an automobile. A counterclaim was interposed for $2,805 damage to the machine, alleged to be due to plaintiffs' negligence in making the repairs. A part of plaintiffs' bill was admitted to be correct; but $315

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

is contested, because defendant claims that the repairs and overhauling were not properly done.

The learned referee's decision in favor of plaintiffs for this amount is not sustained by the evidence. The "specifications of work to be done," as accepted by the defendant, show an extensive, detailed overhauling of the engine to have been called for. They conclude with the words "assemble and test." Plaintiffs' mechanics and foreman gave evidence that they had done their separate work carefully, and that the machine had then been turned over to one of the plaintiffs' testers for final examination and report. Although all the details of the work were entered and checked up on time cards, the report on this final and crucial test was said to have been oral, and the tester was significantly not called to the stand. The failure to adduce satisfactory proof on this point is fatal to plaintiffs' claim, particularly in view of the evidence of defendant and his two chauffeurs that many serious defects were noted immediately on the delivery of the car, after it had been overhauled.

As to the counterclaim, the evidence is inconclusive that the final damage was due to any defect caused by plaintiffs' negligence. It appears, indeed, that defendant's chauffeur had experimented with the machinery after the repairing, and had allowed the engine to "race" at the very time when the collapse occurred. To say the least, there was ample ground for the referee to believe that the defendant had not sustain the burden of proof on the counterclaim.

The judgment below, dismissing the counterclaim, should be affirmed, but reversed as to plaintiffs' recovery of $786.70 and costs, and a new trial granted, unless plaintiffs will consent, within 10 days after entry of this judgment, to a reduction thereof by $315, to wit, to a judgment of $471.70 and costs, in which event the judgment, as modified, is affirmed, without costs of this appeal. All concur.